**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 13, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

JESUS TALAVERA-GONZALEZ,

    Defendant-Appellant.

No. 08-2006
(D.C. No. 2:07-CR-00800-MV-1)
(D. N.M.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, **ANDERSON,** and **BRORBY**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Appellant Jesus Talavera-Gonzalez pled guilty to one count of unlawful re-

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

entry of a deported alien subsequent to a felony drug conviction in violation of 8 U.S.C. § 1326(a) and (b)(2).  The district court sentenced Mr. Talavera-Gonzalez to twenty-four months imprisonment.  Although Mr. Talavera-Gonzalez appeals his conviction and sentence, his attorney has filed an *Anders* brief and a motion to withdraw as counsel.  *See Anders v. California*, 386 U.S. 738, 744 (1967).  For the reasons set forth hereafter, we grant counsel's motion to withdraw and dismiss this appeal.  *Id.*

## I.  Background

In pleading guilty, Mr. Talavera-Gonzalez submitted a statement in advance of his guilty plea in which he admitted knowingly re-entering the country without permission.  At the plea hearing, the district court conducted a Rule 11 colloquy.  *See* Fed. R. Cr. P. 11.  During the hearing, Mr. Talavera-Gonzalez indicated, in part, that he:  (1) understood the charges against him and acknowledged his guilty plea was voluntary and not coerced or based on any promises; (2) indicated he discussed the offense charged and consequences of pleading guilty with his counsel, with whom he was satisfied; (3) understood the rights he was giving up by pleading guilty and discussed with his attorney the maximum sentence of twenty years and other possible punishments for the offense charged; (4) acknowledged he entered the country illegally after prior deportation; and (5) confirmed his wish to plead guilty to the offense charged.  In accepting his guilty

plea, the district court found Mr. Talavera-Gonzalez's guilty plea was knowing and voluntary and that he was fully competent and capable of entering an informed plea.[1]

After Mr. Talavera-Gonzalez pled guilty, a probation officer prepared a presentence report calculating his sentence under the applicable United States Sentencing Guidelines ("Guidelines" or "U.S.S.G."). The probation officer calculated the base offense level at eight under U.S.S.G. § 2L1.2(a) and added a sixteen-level adjustment under § 2L1.2(b)(1)(A) because Mr. Talavera-Gonzalez had been deported subsequent to having been convicted for a drug trafficking offense. In addition, based on his acceptance of responsibility for the offense of conviction, the probation officer included a three-level reduction, for a total offense level of twenty-one. A total offense level of twenty-one, together with a criminal history category of IV, resulted in a Guidelines imprisonment range of fifty-seven to seventy-one months. The probation officer then recommended a downward departure based on a perceived over-representation of Mr. Talavera-Gonzalez's criminal history, suggesting that a more representative criminal history category was III, which, together with a total offense level of twenty-one, resulted in a Guidelines range of forty-six to fifty-seven months imprisonment.

---

[1] Counsel for Mr. Talavera-Gonzalez points out that while Mr. Talavera-Gonzalez waived many of his constitutional rights, he did not waive his right to appeal.

Neither party filed objections to the presentence report. However, Mr. Talavera-Gonzalez filed a request for a variance for a twenty-four-month sentence on grounds his drug trafficking offense used to enhance his offense level had occurred over fourteen years prior. The probation officer agreed a variance may be warranted, acknowledging the drug trafficking offense occurred almost fifteen years ago and noting that from 1997 until 2006, Mr. Talavera-Gonzalez refrained from engaging in any criminal activity. While the government later argued it intended to file a formal objection to the requested variance, no such objection was received by the court, probation officer, or opposing counsel prior to the sentencing hearing.

At the sentencing hearing, the district court concluded a criminal history category of III more properly represented the seriousness of Mr. Talavera-Gonzalez's criminal history and unlikelihood of recidivism, resulting in a Guidelines range of forty-six to fifty-seven months imprisonment. It also discussed Mr. Talavera-Gonzalez's request for a variance and the sentencing factors in 18 U.S.C. § 3553(a). In applying those factors to all of the applicable facts involved in Mr. Talavera-Gonzalez's case, the district court determined the Guidelines range was greater than necessary to satisfy the purposes announced in 18 U.S.C. § 3553(a). It then granted the request for a variance by sentencing Mr. Talavera-Gonzalez to twenty-four months imprisonment.

Following Mr. Talavera-Gonzalez's timely notice of appeal for the purpose of challenging the length of his sentence, his appointed counsel filed an *Anders* appeal brief explaining that, after a thorough examination of the case, including a review of the record and all possible avenues for appeal, counsel determined the appeal is wholly frivolous and without merit. *See Anders*, 386 U.S. at 744. In support, counsel pointed out: (1) Mr. Talavera-Gonzalez's guilty plea was entered into voluntarily and intelligently, and he understood and appreciated the full extent of the punishments and possible sentence for his offense; and (2) his twenty-four-month sentence is well below the applicable Guidelines range. Pursuant to *Anders,* this court gave Mr. Talavera-Gonzalez an opportunity to respond to his counsel's *Anders* brief. *See* 386 U.S. at 744. To date, Mr. Talavera-Gonzalez has filed no response. In turn, the government has filed a notice of its intention not to file an answer brief to the *Anders* brief filed by Mr. Talavera-Gonzalez's counsel in this appeal.

## II. Discussion

As required by *Anders*, we have conducted a full examination of the record before us. *See id.* The record establishes Mr. Talavera-Gonzalez's guilty plea was voluntarily, knowingly, and intelligently entered, he was advised of and understood the possible sentence and other punishments he might face in conjunction with his guilty plea to the offense charged, and that sufficient

evidence supported his conviction. As to his sentence, we review it for reasonableness, as guided by the factors in 18 U.S.C. § 3553(a). *See United States v. Kristl*, 437 F.3d 1050, 1053 (10th Cir. 2006) (*per curiam*). Having made such a review, we find no nonfrivolous basis for challenging the sentence imposed. The district court applied the probation officer's recommendation for a downward departure as well as granted Mr. Talavera-Gonzalez's request for a variance in conjunction with the sentencing factors in § 3553(a). It then sentenced him to twenty-four months imprisonment, which is well below the advisory Guidelines range of forty-six to fifty-seven months imprisonment. Mr. Talavera-Gonzalez has not provided any nonfrivolous reason warranting a lower sentence.

## III. Conclusion

For these reasons, no meritorious appellate issue exists. Accordingly, we grant counsel's motion to withdraw and **DISMISS** Mr. Talavera-Gonzalez's appeal.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge

-6-